FRANCESKA WARNER et al., Appellants, v.
FRANK H. MICHEL et al., Respondents.

**St. Louis Court of Appeals, November 2, 1909.**

1. **TRIAL PRACTICE: Overruling Demurrer to Evidence and Subsequently Granting New Trial.** Where the court, on its equity side, tried one count of a petition and at the same time another count was tried to a jury, there was no incongruity in the action of the court in overruling a demurrer to the evidence, under both counts, and in subsequently finding for defendant under the equity count and setting aside a verdict for plaintiffs under the law count as being against the weight of the evidence.

2. **NEW TRIAL: Appellate Practice: Weight of Evidence: Conflicting Evidence.** Where the evidence is conflicting, it is for the trial judge to set aside the verdict, if he considers it contrary to the weight of the evidence.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED AND REMANDED.

*L. P. Crigler* for appellants.

*J. L. Hornsby* for respondents.

STATEMENT.—The petition in this case contains two counts, the first asking the cancellation of the record of a certain deed of trust given by plaintiffs, it being averred that the debt secured thereby had been paid and discharged in full and that the plaintiffs had tendered the necessary fee fixed by law to entitle them to have the satisfaction of the deed of trust indorsed on the record thereof. In the second count, averring the payment of the debt secured by the deed of trust in full and the tender of the legal fee for the

release thereof on the margin of the record, along with a demand that the release be indorsed, and averring the refusal of the defendants to release the deed of trust of record, plaintiffs demand the statutory penalty of ten per cent of the debt as damages for failure so to do.

The answer admitted the execution of the notes and deed of trust but denied all other allegations in the petition.

The petition embracing legal and equitable causes of action in separate counts, by stipulation of parties and consent of the court, both counts were tried at one and the same time, a jury being empanelled to try the issue involved in the second count of the petition, the court hearing the evidence as chancellor, so far as it related to the first count. At the conclusion of the trial the court found in favor of defendants on the first count, thus holding that the plaintiffs were not entitled to have the deed of trust released of record. On the second count, however, the jury returned a verdict in favor of plaintiffs for $150 damages for the defendants' failure to release the deed of trust of record. Both parties filed motions for new trial and the court sustained the defendants' motion for new trial of the second count but overruled the plaintiffs' motion for a new trial of the first count, whereupon plaintiffs duly perfected an appeal to this court. It is not necessary to go over the testimony in this case any further than to state that it appears that subsequent to the giving of the deed of trust, which secured a note given by plaintiffs for $1500, one of the plaintiffs, John Warner, the husband of the other, went to the office of Hammell & Karleskind, real estate agents, who are two of the defendants here, and talking about the debt, was told that he and his wife owed the firm $65 for commissions in placing this loan which it seems was a renewal of a former loan on the same property. Whereupon John Warner gave his note for the $65. The se-

cured loan not being paid when due, and plaintiffs having been notified that the holder of the note desired payment, the property was advertised for sale, the note not having been paid. Before the advertised sale took place Mrs. Warner went to the office of Hammell & Karleskind and was shown the account, which covered the note, interest, costs of advertising and a fee of $5 for drawing up the advertisement. She was also asked what she was going to do about the $65 note, which was then shown to her. It appears from the evidence that this was the first time Mrs. Warner knew of this note. She became angry when it was shown to her and tore it up. One of the defendants picked up the pieces and fastened them together and taking up the matter with Mrs. Warner, according to her testimony, the firm agreed to accept $25 in payment of the note, which she agreed to pay, but according to the testimony of the defendants, she agreed to pay them $40 if they would give her two or three weeks to pay the difference between the money which she had brought with her and the amount which they claimed. Thereupon the note for $65 was turned over to Mrs. Warner or her husband and she paid defendants $1550 which was all the money she had with her. According to the statement which was given her at the time there was due on the note $1500 principal, $37.50 interest, $26.86 for advertising the sale, and a fee of $5 for drawing up notice of sale, a total of $1569.30, and also $40 on the note of John Warner, her husband, a total of both accounts of $1609.36. According to the defendants, there was still due them $59.36 on the whole transaction, or $19.36 on account of the deed of trust and the legal costs connected with the advertised sale under that. It is claimed by the plaintiffs that the $1550 which was paid was a settlement and was received in full in payment of the whole transaction, and that one of the partners had told the attorney for the Warners that it was all a mistake to claim anything from them, that they had

paid up in full. On the other hand, the defendants claim that the $1550 was paid on account merely and that there was still due them on the deed of trust and the legal costs connected with it $19.36, or on the whole transaction between them and the Warners $59.36. They also gave evidence to the effect that the partner who had said the matter was settled was mistaken, and that the day after he had made that statement to plaintiffs' attorney over the telephone, another partner had called on that attorney and explained the mistake. The court as chancellor found for defendants, while the jury found for plaintiffs. Thereupon the court, on motion of defendants, set aside the finding of the jury and awarded a new trial as before stated. The record contains the recital that the court sustained defendants' motion for new trial, "because the verdict is against the evidence and against the weight of evidence, and against the law under the evidence." In the record proper it is set out that the motion was overruled, obviously a clerical error, as other parts of the record and briefs and argument of counsel show that defendants' motion for a new trial was sustained "for the reasons set out in the first point of defendants' motion."

REYNOLDS, P. J. (after stating the facts).— Argument is made by the counsel for the appellants that as the court had overruled demurrers interposed to the evidence at the close of plaintiffs' case, as well as at the close of the whole case, that its action was tantamount to holding that the plaintiff had made out its case. That does not follow. It has been held by our Supreme Court that "strictly speaking, sustaining a demurrer to the evidence in an equity case means the same that it means in a law case; it means that there is no evidence tending to sustain the plaintiffs' case, and therefore none for the trier of fact to weigh. In a law case the court might with propriety overrule

a demurrer to the plaintiffs' evidence and the jury might with equal propriety find for the defendant; and the same is true in an equity case, the court might overrule the demurrer to the plaintiffs' evidence, and yet when the case is submitted on the evidence find for the defendant. In each case it means that as a matter of law there is some evidence to be weighed, but as a matter of fact the evidence when weighed by the trier of fact is not satisfactory." [Anthony v. Kennard Building Co., 188 Mo. 704, 1. c. 718.] There is no incongruity, therefore, in the action of the court in at first overruling the demurrer to the evidence taken on each count and subsequently finding for the defendants and in refusing to take the case from the jury on the last count of the petition, and then setting that verdict aside. As will be noticed from the statement of the facts, which we have given very briefly and which we do not think it serviceable to extend, we find no error in the action of the trial court in awarding a new trial. The evidence was conflicting, and it was for the trial judge, if he considered the verdict contrary to the weight of the evidence, to set it aside. Its judgment is affirmed and the case remanded for further proceedings. All concur.