FRANCESKA WARNER et al., Appellants, v. FRANK H. MICHEL et al., Respondents.

St. Louis Court of Appeals, November 12, 1912.

1. **APPELLATE PRACTICE: Review: Sufficiency of Abstract.** On appeal from the refusal of the court to set aside a nonsuit taken by plaintiff as a result of the court's sustaining an objection made by defendant to the introduction of any evidence on the ground that a judgment for defendant on one of the counts of the petition was a bar to a recovery by plaintiff, where appellant's abstract of the record did not set out the judgment referred to in the objection, so as to enable the appellate court to pass upon the matter, the action of the trial court should be affirmed, as being presumably correct.

2. **RES ADJUDICATA**: Conclusiveness of Judgment: Mortgages and Deeds of Trust: Action for Refusal to Release. A judgment adjudging that a party is not entitled to a release of a deed of trust securing a debt bars an action for the statutory penalty for refusing to release.

Appeal from St. Louis City Circuit Court.—*Hon. William B. Homer,* Judge.

AFFIRMED.

*Louis Mayer, L. P. Crigler* for appellants.

*J. L. Hornsby* for respondents.

(1) Appellants' abstract of the record is fatally defective for the following, among other reasons: (a) It contains nothing but the bill of exceptions. (b) It does not contain the pleadings or even the substance of such pleadings. (c) It fails to show (except as contained in the bill of exceptions) that a final judgment was rendered in said cause, that a motion to set aside the judgment of nonsuit was filed, the ruling of the court on such motion, the order extending the time for filing the bill of exceptions, the entry of record showing that such bill of exceptions was filed; that an affidavit for appeal was filed; that an appeal was allowed to this court. And, failing to show that these several necessary acts were done, it necessarily fails to show the dates at which they were done. On account of the defective condition of the abstract of the record, the appeal must be dismissed. Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Pennowfsky v. Coerver, 205 Mo. 135; Thompson v. Ruddick, 213 Mo. 561; Hanks v. Hanks, 218 Mo. 670; Milling Co. v. St. Louis, 222 Mo. 306; Railroad v. Wyatt, 223 Mo. 347; Gray v. Railroad, 135 Mo. App. 192; State v. Woodring, 135 Mo. App. 652; Whittington v. Woods, 136 Mo. App. 273; State ex rel. v. Min-

ing Co., 136 Mo. App. 303; Rife v. Reynolds, 137 Mo. App. 290; Hutton v. Clark, 145 Mo. App. 188; Fuel Co. v. Bean, 152 Mo. App. 703. (2) The adjudication of the circuit court on the first count of plaintiff's petition, affirmed by this court, was decisive of all the issues in the case and left nothing for submission to the court on the second trial; and defendant's objection to the introduction of testimony by plaintiffs was properly sustained. Cox v. McClure, 73 Conn. 486; 11 Ency. Pl. & Pr. 866, n. 3; Clearwater v. Meredith, 5 Wall (U. S.) 25.

REYNOLDS, P. J.—This is the second appeal in this case. It was here under the same title and will be found reported 143 Mo. App. 131, 122 S. W. 338. The petition contained two counts, the first asking for the cancellation of the record of a certain deed of trust, it being averred that the debt secured by it had been paid off in full and that plaintiffs had tendered the legal fee to entitle them to have satisfaction of the deed of trust; the second count averring the payment in full of the debt secured by the deed of trust and tender of the legal fee for the release thereof on the margin of the record, along with the demand that the release be indorsed, and averring the refusal of defendants to release the deed of trust of record, demands the statutory penalty of ten per cent of the debt as damages for failure so to do.

At the former trial the cause was tried before the court as to the first count and before the jury as to the second, the testimony as to both counts being heard together. At the conclusion of that trial the court found for defendants on the first count, but the jury before whom the second count for the statutory penalty was tried, returned a verdict in favor of plaintiffs. Plaintiffs filed a motion for new trial as to the first count,

and defendants filed one as to the second count. The court sustained the motion of defendants for new trial on the second count but overruled the motion of the plaintiffs for a new trial on the first count. Plaintiffs appealed from this to our court and we affirmed that action, remanding the case for further proceedings. Thereupon the cause coming on for trial before the circuit court, defendants objected to the introduction of any evidence in the case on the ground that the judgment of the court on the first count in favor of defendant was a bar to the action on the second count, and claiming that that judgment is conclusive on the issues in the case as set out in the second count or cause of action of the petition and that there is nothing remaining for trial or submission to the court. The court sustained that objection, whereupon plaintiffs took a nonsuit with leave to move to set it aside and, that being overruled and exceptions saved have perfected their appeal from that action of the trial court.

The abstract of the record is in such shape before us that it is almost impossible to handle the case intelligently. We are not able to determine whether the cause went to this second trial on both counts of the petition or on the second count. Nor can we tell what judgment is referred to in the objection made by counsel. No judgment of any kind is in this record. The abstract is barren of any recitals on this. The only judgment before us is the one of nonsuit, which is on file with us, this case coming to us on what is known as the ''short form,'' appellant filing a copy of the judgment appealed from and the order allowing the appeal. In this condition of the record, the presumption always being in favor of the regularity of the action of the trial court, we would have no other course than to affirm the judgment of that court. But not resting on that, if we are to assume, as counsel for appellants seem to concede was the fact, that the finding and judg-

ment on the first count was as set out when the cause
was previously before us, and which we then affirmed,
then the action of the trial court, in holding that the
judgment on this first count is a bar to an action of
the second count, is manifestly correct. That judg-
ment was conclusive of the fact that the plaintiffs were
not entitled to have the deed of trust released. It
necessarily followed that plaintiffs could not recover
damages for failure to release it.

The judgment of the circuit court is affirmed.
*Nortoni* and *Caulfield, JJ.,* concur.